UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES E. WALKER, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-9702 |
| WEXFORD HEALTH SOURCE, INC., et al | ) ) Honorable Manish S. Shah |
|       Defendants. | ) ) |

**HIPAA QUALIFIED PROTECTIVE ORDER**

During the course of this litigation, the parties may attempt to obtain protected health information from a covered entity. Accordingly, the Court enters this qualified protective order regarding the disclosure of protected health information. 45 C.F.R. § 164.512(e)(1)(v).

This is not an order compelling the production of protected health information. The parties are still required to seek that information through the lawful process applicable to discovery in any civil case, such as through discovery requests, subpoena, and motions to compel. This order does not relieve any party of complying with applicable notice requirements, see 45 C.F.R. § 164.512(e)(1)(ii)(A) & (iii).

IT IS THEREFORE ORDERED:

1) The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2) For the purposes of this qualified protective order (this "Order"), the phrase "protected health information" shall have the same scope and definition as set forth in 45 C.F.R.

905-395
AJR/LGN/AEB

§§ 160.103 and 164.501. Accordingly, protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff and to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4) The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not limited to, disclosure by the Parties to their attorneys, and by their attorneys to experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5) Anyone receiving protected health information in connection with this litigation is prohibited from using or disclosing said information for any purpose other than this litigation. Authorized disclosure for purposes of this litigation includes, but is not limited to, disclosure to the necessary persons for investigation, consultation, discovery, depositions, trial, appeal, mediation, settlement, and insurance.

6) At the end of this litigation, the parties must either return all protected health information obtained after entry of this order to the covered entity or destroy the information. This

litigation ends after judgment has been entered in this case disposing of all claims and all appeals have been resolved, if any.

7) This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8) Nothing in this Order shall limit or be construed as limiting the rights or ability of either party to seek further or other protective orders or other orders or relief relating to the discovery process or the use or disclosure of information obtained through the discovery process or otherwise in the course of this litigation.

9) This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

ENTERED:

October 8, 2025

BY: _____
The Honorable Manish Shah